IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT DANIEL HARRIS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-09-1931 |
| | § | |
| RICK THALER, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND OPINION

The petitioner, Robert Daniel Harris, seeks habeas corpus relief under 28 U.S.C. § 2254, challenging a state felony conviction for driving while intoxicated. The respondent filed a motion for summary judgment on the ground that the petition was filed too late. (Docket Entry No. 9). The respondent has provided the court with a copy of the state court record. (Docket Entry Nos. 6 & 8). On January 12, 2010, Harris advised the court of his new address, but he has not filed a response to the motion.[1]

After reviewing the pleadings, the motion, the record, and the applicable law, this court grants the respondent's motion and, by separate order, enters final judgment. The reasons are set out below.

### I.    Background

A jury found Harris guilty of felony driving while intoxicated. (Cause Number 995582). On September 1, 2004, the court sentenced Harris to twenty-five years in prison. The Fourteenth Court

---

[1] The court has learned through telephone inquiry that Harris was released to parole on January 4, 2010. The Certificate of Service included with the respondent's motion for summary judgment shows that a copy of the motion was sent to Harris at the Michael Unit on November 30, 2009. (Docket Entry No. 9, Respondent's Motion for Summary Judgment, p. 12).

of Appeals of Texas affirmed Harris's conviction on August 17, 2006. The Texas Court of Criminal Appeals refused Harris's petition for discretionary review on December 20, 2006. Harris filed an application for state habeas corpus relief on November 9, 2007. The Texas Court of Criminal Appeals dismissed it on May 13, 2009 for noncompliance with Texas Rule of Appellate Procedure 73.1.[2] *Ex parte Harris*, Application No. 34,220-07 at cover. Harris filed a second application on December 17, 2007, which the Texas Court of Criminal Appeals also dismissed on May 13, 2009 for noncompliance with Texas Rule of Appellate Procedure 73.1. *Ex parte Harris*, Application No. 34,220-08 at cover.

Harris filed a third application for state habeas corpus relief on July 1, 2009, which the Texas Court of Criminal Appeals denied without written order, on findings of the trial court, without a hearing, on October 28, 2009. *Ex parte Harris*, Application No. 34,220-09 at cover.

On June 19, 2009, this court received Harris's federal petition. The petition was filed when Harris gave it to the prison authorities for mailing to the district court. *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998). This court presumes that Harris put his federal petition in the prison mail on the date he signed it, June 8, 2009. *Sonnier v. Johnson*, 161 F.3d 941, 945 (5th Cir. 1998). Harris contends that his conviction is void for the following reasons:

(1) law enforcement never read Harris his *Miranda* rights;

(2) trial counsel gave ineffective assistance;

(3) the prosecutor failed to disclose a psychiatric report and a portion of the police car video;

---

[2] From the record, it appears that Harris included several pages of handwritten material instead of completing the form as required by Texas rule of Appellate Procedure 73.1.

    (4)    the intoxilyzer device yielded inaccurate measurements;

    (5)    the trial court violated his right to due process by refusing to appoint a psychiatrist; and

    (6)    the evidence was insufficient to support the conviction.

(Docket Entry No. 1, Petition for Writ of Habeas Corpus, pp. 7-8A).

The threshold issue is whether this petition was filed too late to permit this court to consider Harris's claims.

## II. Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), imposed a one-year statute of limitations for federal habeas corpus petitions. The statute provides in part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

The limitations period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.*, § 2244(d)(1)(A). Harris's conviction became final when the time for filing a petition for a writ of *certiorari* expired, ninety days after the Texas Court of Criminal Appeals denied review. Supreme Court Rule 13.1 (West 2002). The Texas Court of Criminal Appeals refused Harris's petition for discretionary review on December 20, 2006. Harris's deadline for filing a petition for a writ of *certiorari* was March 20, 2007. The limitations period ended one year later, on March 19, 2008. Harris did not file this federal petition until June 8, 2009.

A properly filed application for state postconviction relief tolls limitations. 28 U.S.C. § 2244(d)(2)(West 1997). The one-year limitations period began on March 20, 2007. Harris filed his first and second state habeas applications on November 9, and December 17, 2007. The Texas Court of Criminal Appeals dismissed them because he failed to comply with Texas Rule of Appellate Procedure 73.1. These applications did not toll limitations under § 2244(d)(2) because Harris's state petitions were not "properly filed application[s]." They were dismissed by the Texas Court of Criminal Appeals for noncompliance with Texas Rule of Appellate Procedure 73.1. The Fifth Circuit has held that "a 'properly filed application' for § 2244(d)(2) purposes is one that conforms with a state's applicable procedural filing requirements." *Villegas v. Johnson*, 184 F.3d 467, 470 (5th Cir. 1999).

The limitations period ended on March 20, 2008. Harris waited until June 8, 2009 before filing his federal petition. Harris's third state application did not toll the limitations period because Harris filed it after the limitations period had ended. *Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000).

Harris does not identify any grounds for equitable tolling and the record discloses no basis to apply equitable tolling. Harris may not rely on his status as an unskilled layperson to excuse the delay in filing this petition. Ignorance of the law and lack of legal assistance, even for an incarcerated prisoner, generally do not excuse late filing. Proceeding *pro se* is not a "rare and exceptional" circumstance that justifies the equitable tolling of limitations; *pro se* litigants are the rule, not the exception, in section 2254 suits. Harris's *pro se* status does not present a rare and exceptional circumstance that excuses the delay in filing his federal habeas petition. *Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000) (finding that confiscation of legal materials and an inadequate law library did not establish grounds for equitable tolling where the alleged impediments to filing a federal petition were removed six months before the end of the limitations period), *cert. denied,* 532 U.S. 963 (2001); *Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir.)(finding that alleged inadequacies in prison law library and lack of notice of AEDPA's requirements did not warrant equitable tolling), *cert. denied,* 531 U.S. 1035 (2000); *Turner v. Johnson,* 177 F.3d 390, 392 (5th Cir.) (finding that unfamiliarity with the legal process or lack of representation during the applicable filing period did not merit equitable tolling), *cert. denied,* 528 U.S. 1007 (1999).

Harris does not satisfy any of the exceptions to the AEDPA statute of limitations. The record does not indicate that any unconstitutional state action prevented Harris from filing an application for federal habeas relief before the end of the limitations period. 28 U.S.C. § 2244(d)(1)(B).

Harris's claims do not relate to a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C). Harris's claims relate to the trial that occurred on September 1, 2004. Harris has not shown that he did not know of the factual predicate of his claims earlier. 28 U.S.C. § 2244(d)(1)(D).

Summary judgment is proper when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *see also Christopher Village, L.P. v. Retsinas,* 190 F.3d 310, 314 (5th Cir. 1999). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The pleadings and state court records show that Harris's federal petition is untimely. Respondent is entitled to judgment as a matter of law.

### III. Conclusion

The respondent's motion for summary judgment, (Docket Entry No. 9), is granted. Harris's petition for a writ of habeas corpus is denied.

On November 16, 2009, Harris explained that he had very limited access to the law library and sought an extension of 120 days, until March 9, 2010, to file a memorandum in support of his petition. (Docket Entry No. 7). Harris's motion for extension of time to file memorandum in support of petition, (Docket Entry No. 7), is moot. Any remaining pending motions are denied as moot.

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c) (1)(A). Under Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters

a final order adverse to the applicant. A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595 (2000). If a district court rejects a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* This record does not meet this standard. This court will not issue a certificate of appealability.

SIGNED on April 21, 2010, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge